# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **HESHAN JIAHOJIA SANITARY WARE INDUSTRY, CO., LTD.,** **PLAINTIFF,** v. **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** **DEFENDANTS.** | Civil Action No. 3:25-cv-845 |

## VERIFIED COMPLAINT

Plaintiff Heshan Jiahaojia Sanitary Ware Industry Co., Ltd. ("Plaintiff"), by its undersigned counsel, hereby brings the present action for design patent infringement against the Defendants on Schedule A ("Defendants").

## NATURE OF THIS ACTION

1. Plaintiff brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of the claim of U.S. Design Patent No. D967,340 ("the 'D340 Patent" (*see* Exhibit A)) entitled "Faucet" and the claim of U.S. Design Patent No. D983,326 ("the 'D326 Patent" (*see* Exhibit B)), also entitled "Faucet". Plaintiff is the sole owner of the 'D340 Patent and the 'D326 Patent by assignment.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. §§ 1338(a) and 1331.

1

3. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because they are non-U.S. entities, located in China or other non-U.S. countries, and have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in Virginia, including by providing Infringing Design Products and services to the residents of Virginia through fully interactive websites that allow Infringing Design Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Infringing Design Products would be used within Virginia, and have solicited business from the residents of Virginia using the Amazon.com e-commerce platform.

4. Alternatively, this Court has personal jurisdiction over these non-U.S. based Defendants because they have supplied their products into commerce in the United States and this district and under the Federal Long Arm Rule, FRCP 4(k)(2).

5. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants as well as any judicial district in any state to which they are subject to personal jurisdiction.

## **THE PARTIES**

6. Plaintiff is a Chinese company with a principal place of business at Airport,

Dongxi District, Zhishan Town, Heshan City, Guangdong Province, P.R. China (Block B, Heshan Jiahaojia Sanitary Ware Industry Co., Ltd.), P.R. China.

7. The Defendants, as shown on Schedule A, are believed to reside in foreign jurisdictions, namely China. Defendants sell infringing products ("Infringing Design Products") on the Amazon.com, Temu.com, and Wayfair.com platforms to consumers in the United States and in Virginia through interstate commerce. Defendants' counterfeit faucet products infringe the 'D340 Patent or the 'D326 Patent and are in direct competition with Plaintiff's patented faucets. Since the retail platforms do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of the Defendants are currently unknown.

8. Defendants conduct their operations through fully interactive commercial websites hosted on the Amazon.com. Temu.com, and Wayfair.com Internet retail platforms' storefront webpages ("Infringing Webstore"). The Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Design Products that practice the claims of the 'D340 Patent or the 'D326 Patent to consumers within the United States, including the State of Virginia and the Eastern District of Virginia. For example, the Infringing Design Products may be purchased by Virginia residents using the Amazon "Prime" online order system for delivery by an Amazon Prime delivery vehicle in this district.

9. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Infringing Design Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may

3

intentionally or otherwise conceal their identity and the full scope of their infringing operation in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

10.     Upon information and belief, Defendants are related and/or affiliated individuals or companies that have collectively engaged in the illegal conduct alleged herein, and have enriched themselves, while Plaintiff has suffered enormous financial injury.

## **THE PATENTS**

11.     On October 18, 2022, United States Patent No. D967,340, entitled "Faucet" was duly and legally issued by the USPTO. The 'D340 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the 'D340 Patent and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the 'D340 Patent. Defendants are not licensed to the 'D340 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the 'D340 Patent whatsoever. A true and correct copy of the 'D340 Patent is attached hereto as Exhibit A.

12.     The 'D340 Patent contains a single claim directed to a faucet device. Representative Figure 1 of the 'D340 Patent is shown below



FIG. 1

13. On April 11, 2023, United States Patent No. D983,326, entitled "Faucet" was duly and legally issued by the USPTO. The 'D326 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the 'D326 Patent and has the right to bring this suit for injunction and damages, including the right to sue and recover all past, present, and future damages for infringement of the 'D326 Patent. Defendants are not licensed to the 'D326 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the 'D326 Patent whatsoever. A true and correct copy of the 'D326 Patent is attached hereto as Exhibit B.

14. The 'D326 Patent contains a single claim directed to a faucet device. Representative Figure 1 of the 'D326 Patent is shown below:



FIG. 1

15. The 'D340 Patent and the 'D326 Patent are presumed valid under 35 U.S.C. § 282.

**GENERAL ALLEGATIONS**

16. Plaintiff's predecessor was founded in 2002, and in 2005 founded the independent brand "Gagal" in the high-end sanitary ware industry. Plaintiff manufactures and sells home shower systems, shower columns, basin faucets, kitchen faucets, and bathtub faucets under the "Gagal" trademarked brand. Plaintiff sells faucets under the 'D340 Patent and the 'D326 Patent on the Amazon.com online platform through its own seller store named Gagalife and through an authorized licensee under the seller store named Ultimate Unicorn.

17. A screenshot of Plaintiff's waterfall bathroom faucet that is made under the 'D340 Patent and sold on its Amazon.com store Gagalife is shown below.



18. A screenshot of Plaintiff's waterfall bathroom faucet that is made under the 'D326 Patent on its licensee's Amazon.com store Ultimate Unicorn is shown below.



19. Plaintiff's commercial faucet products, which are protected by the 'D340 Patent or the 'D326 Patent are the result of investment and resources on the R&D design and commercial production. The research and development result of Plaintiff's commercial faucets sold under the 'D340 Patent or the 'D326 Patent have attractive designs for faucets and their popularity attracts counterfeiters like the Defendants.

20. Through its seller store and licensee, Plaintiff markets, distributes, and sells and its patented faucets under the 'D340 Patent or the 'D326 Patent in the United States. Plaintiff's patented designs have been the subject of substantial and continuous marketing and promotion. Plaintiff has and continues to widely market and promote the patented products in the industry and

to consumers. By way of example, but not limitation, they are promoted, marketed and sold on Plaintiff's Amazon.com store and its authorized licensee's online Amazon.com platform.

21. Among the purchasing public, Plaintiff's patented products are instantly recognizable as such and are known for their distinctive patented waterfall designs. These designs are well recognized by consumers.

22. Specifically related to this action, Plaintiff applied for the 'D340 Patent and the 'D326 Patent in the U.S. for which embodiments of each of these patents protects the ornamental aspects of its faucets. Through licensees, Plaintiff sells, domestically in the United States and internationally, faucets that are commercial embodiments made under the 'D340 Patent or the 'D326 Patent. As a result of the success of Plaintiff's products, Defendants have flooded the online market with sales of Infringing Design Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed the Defendants to import, offer to sell, or sell products made according to the claim of the 'D340 Patent or the 'D326 Patent.

23. Plaintiff maintains quality control standards for all of its products sold under the 'D340 Patent or the 'D326 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff's licensee to consumers through online sales platforms such as Amazon.com. Prior to the flood of Infringing Design Products entering the market, sales of Plaintiff's faucets via legitimate webstores represented a significant portion of Plaintiff's business.

24. Upon information and belief, the Infringing Design Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce platforms. For example, a seller on Amazon.com can purchase Infringing Design Products in bulk from a factory or Chinese e-commerce sites to sell on Infringing Webstores.

**Defendants' Wrongful and infringing Conduct**

25. Defendants have purposely advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported and intend to continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products to directly compete with Plaintiff and that violate Plaintiff's rights, including Plaintiff's patent rights. The primary way in which Defendant advertises the sale of Infringing Design Products on the Infringing Webstores is by infringing the Plaintiff's patent rights. Customers are drawn to the ornamental aspects of the patented products sold under the 'D340 Patent and the 'D326 Patent as well as those ornamental aspects copied onto the Infringing Design Products, creating a substantial, if not the exclusive, reason for consumer demand for those products.

26. Defendants do not conduct business with Plaintiff and do not have the right or authority to use the 'D340 Patent and the 'D326 Patent for any reason, Plaintiff confirms that infringing faucets are being offered for sale to residents of the United States and Virginia.

27. The Infringing Design Products are sold on the Amazon.com, Temu.com, and Wayfair.com platforms using Infringing Webstores. Plaintiff has made a visual inspection of the Infringing Design Products as they appear on, and some samples ordered from, the Infringing Webstores, to confirm infringement. The Infringing Design Products are being sold by an estimated $13.00 to $26.00 lower price than Plaintiff's faucets. The lower price at which the Infringing Design Products are being offered for sale is causing severe and irreparable harm to Plaintiff.

28. Defendants facilitate sales of Infringing Design Products by designing the Defendant Webstore listings so that they appear to unknowing consumers to be authorized listings, outlet stores, or wholesalers selling Plaintiff's products and accept payment in U.S. Dollars. It is estimated that infringers are responsible for hundreds of thousands of dollars in lost profits for the sale of thousands of

infringing products. Defendants' infringement is causing irreparable harm to Plaintiff, thereby forcing Plaintiff to bring this lawsuit to protect its intellectual property.

29. Defendants Nos. 1-21 have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D340 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Infringing Design Products. Defendants' infringing products include at least the faucet of the 'D340 Patent, exemplary figures of which are shown below from Defendant Nos. 1 and 3:



Defendant No. 1 VOTON (See Exhibit C)



Defendant No. 3 AVSIILE (See Exhibit C).

30. Exhibit C includes a list of Defendants Nos. 1-21 and Infringing Design Products that infringe the 'D340 Patent as well as exemplary claim charts and examples that demonstrate the correspondence of the Infringing Design Products with elements of the claims of the 'D340 Patent. The charts are submitted as examples of the ornamental designs of Defendants that all include similar claimed components, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

31. Defendants Nos. 2 and 22-23 have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D326 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Infringing Design Products. Defendants' infringing products include at least the faucet of the 'D326 Patent, exemplary figures of which is shown below from Defendant Nos. 2 and 22:



Defendant No. 2 FORIOUS-USA (See Exhibit D)



Defendant No. 22 FRANSITON (See Exhibit D.)

32. Defendants do not have a license or authority to import, make, use, offer to sell, or sell goods under the 'D340 Patent or the 'D326 Patent. Upon information and belief, Defendants has no good faith defense to Plaintiff's infringement allegations.

33. Plaintiff has marked products sold under its patents with notices of the 'D340 Patent or the 'D326 Patent.

34. As a result of Defendants' infringement of the 'D340 Patent or the 'D326 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

35. Plaintiff has suffered and will continue to suffer irreparable harm caused by Defendants' infringement of the 'D340 Patent and the'D326 Patent. Exhibit E shows, upon information and belief, the dates of first listings of the Infringing Design Products that are being sold by Defendants on Amazon.com. The dates begin in May, 2023, which is well after the grant dates of the 'D340 Patent and the'D326 Patent in 2022. Plaintiff has suffered severe drops in sales of its faucets after the Defendants began selling lower-priced knock-off infringing products on Amazon.com, Wayfair.com, and Temu.com. Exhibit F contains charts of sales of Plaintiff's

faucet products being sold on Amazon.com from August, 2024 to August, 2025. Decreases in sales range between 42% to 100% from the highest sales month in 2024 to the lowest sales month in 2025.

36. Plaintiff and its licensee have also suffered a loss of reviews on the Amazon.com platform due to loss and/or diversion of sales caused by the Infringing Design Products. Loss of reviews on the Amazon.com platform causes Plaintiff's product listings to lose product rankings, meaning that Amazon will place their products lower on page of search results than, for example, other similar products that sell at lower prices, forcing authorized licensees to lower prices and cause lower profit margins. The effect is the loss of sales, loss of profit, loss of reputation and goodwill, loss of brand confidence, loss of customer reviews, loss of future sale and market share, causing irreparable harm to Plaintiff. The Defendants' illegal use of the patent rights of Plaintiff further irreparably harms Plaintiff because infringers like the Defendants take away Plaintiff's ability to control the nature and quality of illegal products. Loss of quality control over goods bearing the Plaintiff's patented designs, and, in turn, loss of control over Plaintiff's reputation, is neither calculable nor precisely compensable. Plaintiff is further irreparably damaged due to a loss of exclusivity of his patented products. When infringers use the 'D340 Patent or the 'D326 Patent without authorization, the exclusivity of Plaintiff's products, as well as Plaintiff's brand's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

37. Defendants, without authorization or license from Plaintiff, continue to infringe the claim of the 'D340 Patent or the claim of the 'D326 Patent in connection with the advertisement, offer for sale, and sale of the Infringing Design Products, through, *inter alia*, the Internet. The Infringing Webstores offer shipping to the United States, including Virginia and, on information and belief, Defendants have sold Infringing Design Products into the United States, including

Virginia. The Defendants are continuing to offer to sell and sell Infringing Design Products at least via Amazon.com, Temu.com, and Wayfair.com.

38. The Defendants have been willfully infringing the 'D340 Patent or the 'D326 Patent since at least as early as it became aware of these patents. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

39. Many sellers on Amazon.com, Temu.com, and Wayfair.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the seller names listed in Schedule A, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled. Upon information and belief, Defendants concealed their identity and will continue to register or acquire listings for the purpose of selling Infringing Design Products that infringe upon the 'D340 Patent or the 'D326 Patent unless preliminarily and permanently enjoined.

40. Plaintiff has no adequate remedy at law.

## CAUSES OF ACTION

### COUNT ONE
### (Infringement of Unites States Patent No. D967,340
### [35 U.S.C. § 271]

41. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. Plaintiff has the exclusive rights on United States Design Patent No. D967,340

claiming the design features of its faucets.

43. Defendants Nos. 1-21 are infringing the 'D340 Patent by making, using, offering for sale, importing and/or selling Infringing Design Products which are substantially the same designs to the patented design covered by the'D340 Patent.

44. Defendants 1-21 infringe the 'D340 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the'D340 Patent and the Infringing Design Products are each substantially the same product.

45. Plaintiff has not granted a license or given Defendants 1-21 any form of permission to the 'D340 Patent and Defendants' 1-21 infringement of the 'D340 Patent is without Plaintiff's permission or authority and in total disregard to Plaintiff's rights in and to the 'D340 Patent.

46. Defendants 1-21 have infringed the 'D340 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' 1-21 wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

47. Plaintiff is entitled to a complete accounting of all revenue and profits derived by Defendants 1-21 from the unlawful conduct alleged herein, including without limitation, Defendants' 1-21 total profits from the manufacture, use, sale, and offer to sell the Infringing Design Products pursuant to 35 U.S.C. § 289.

48. Plaintiff is entitled to recover any other damages appropriate pursuant to 35 U.S.C. § 284.

## COUNT TWO
### (Infringement of Unites States Patent No. D983,326
### [35 U.S.C. § 271]

49. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50. Plaintiff has the exclusive rights on United States Design Patent No. D983,326 claiming the design features of its faucets.

51. Defendants Nos. 2 and 22-23 are infringing the 'D326 Patent by making, using, offering for sale, importing and/or selling Infringing Design Products which are substantially the same designs to the patented design covered by the 'D326 Patent.

52. Defendants 2 and 22-23 infringe the 'D326 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the 'D326 Patent and the Infringing Design Products are each substantially the same product.

53. Plaintiff has not granted a license or given Defendants 2 and 22-23 any form of permission to the 'D326 Patent and Defendants' 2 and 22-23 infringement the 'D326 Patent of is without Plaintiff's permission or authority and in total disregard to Plaintiff's rights in and to the 'D326 Patent.

54. Defendants 2 and 22-23 have infringed the 'D326 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' 2 and 22-23 wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

55. Plaintiff is entitled to a complete accounting of all revenue and profits derived by Defendants 2 and 22-23 from the unlawful conduct alleged herein, including without limitation,

Defendants' 2 and 22-23 total profits from the manufacture, use, sale, and offer to sell the Infringing Design Products pursuant to 35 U.S.C. § 289.

56. Plaintiff is entitled to recover any other damages appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

A. A judgment that Defendants' acts constitute patent infringement under the causes of action asserted in this Complaint;

B. An order preliminarily, and a judgment permanently, enjoining and restraining Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with Defendants pursuant to 35 U.S.C. § 283, from:

> i. infringing any claim of the 'D340 Design Patent the'D326 Design Patent; and
>
> ii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. A judgment requiring Defendants to, at Defendants' expense, withdraw from the market, account for, and properly destroy any and all Infringing Design Products;

D. A judgment requiring that Defendants pay Plaintiff all of their damages caused by Defendants' unlawful acts, including under 35 U.S.C. § 284, with prejudgment and post-judgment interest, as well as post-trial damages for any ongoing infringing acts;

E. A judgment awarding Plaintiff its reasonable attorneys' fees, costs, disbursements, and interest, as provided by law, including as provided by 35 U.S.C. § 285;

F. A judgment awarding Plaintiff a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein, including without limitation, Defendant's total profit from the manufacture, use, sale, and offer to sell the Infringing Design Products pursuant to 35 U.S.C. § 289;

G. A judgment that Defendants' infringement has been willful, and ordering Defendants to pay treble damages as provided by law; and

H. Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims so triable.

Date: October 14, 2025                                    Respectfully submitted,

    /s/    Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: *Liang Ping Guo*

Liang Ping Guo
Heshan Jiahaojia Sanitary Ware Industry Co., Ltd