IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HESHAN JIAHOJIA SANITARY
WARE INDUSTRY, CO., LTD.,**

    **Plaintiff,**

    v.                                                              Civil Action No. 3:25cv845

**VOTON,** *et al.,*

    **Defendants.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Heshan Jiahojia Sanitary Ware Industry Co., Ltd.'s Unopposed[1] Motion for Expedited Discovery of Temu.com (the "Motion") and accompanying memorandum.[2] (ECF Nos. 44, 45.) In the Motion, Plaintiff "requests that this Court permit expedited third-party discovery of contact information held by the online platform Temu.com." (ECF No. 44, at 1.) Plaintiff seeks "contact information"[3] for three Defendants:

---

[1] Plaintiff characterizes the Motion as "unopposed." This is misleading. Plaintiff certifies that he conferred with "counsel for defendant FORIOUS . . . [and] confirmed that FORIOUS does not take a position on this motion and therefore will not be filing an opposition." (ECF No. 45, at 4.) But FORIOUS is not impacted by the Motion: Plaintiff does not seek discovery from FORIOUS, nor does the discovery Plaintiff seeks include information about FORIOUS. Indeed, since Plaintiff filed the instant Motion, the Court severed FORIOUS from this action. (ECF No. 46.) Thus, to characterize the Motion as "unopposed" based on the lack of objection from one (now-severed) Defendant, while seeking information about three *other* Defendants—who have not been served—does not mean that the Motion is "unopposed."

[2] Plaintiff previously filed a Motion for Expedited Discovery of Temu.com, (ECF No. 42), but the Court denied that motion without prejudice because it did not comply with the Local Rules for the Eastern District of Virginia. (ECF No. 43, at 1.)

[3] It is not clear what contact information Plaintiff seeks. In the Motion, Plaintiff requests discovery of Defendants' email addresses in order to serve the Complaint by email. (ECF No.44, at 1.) On the first page of the accompanying memorandum, Plaintiff again requests "contact information including [e]mail addresses." (ECF No. 45, at 1.) But on the last page of the

Mingdiushop Leaf, (Defendant No. 19), PHAMK, (Defendant No. 20), and HGBYUB, (Defendant No. 21) (collectively, "Defendants"). (ECF No. 45, at 1, 4.) Plaintiff explains that "[w]ithout this discovery, Plaintiff will not have Defendants' actual, authenticated names and contact information in order to serve the complaint to the parties." (ECF No. 45, at 2.) For the reasons articulated below, the Court denies the Motion.

District courts have "wide latitude in controlling discovery." *Rowland v. Am. Gen. Fin. Inc.*, 340 F.3d 187, 195 (4th Cir. 2003); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (district courts have "broad discretion" to supervise discovery). Federal Rule of Civil Procedure 26 generally prohibits discovery before the parties have conducted a Rule 26(f) discovery conference, except "by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *ForceX Inc. v. Tech. Fusion, LLC*, No. 4:11-cv-88 (TEM), 2011 WL 2560110, at *3 (E.D. Va. June 27, 2011) (explaining that Rule 26 "provide[s] tools for a court to adjust the discovery timeline").

"'A specific standard for evaluating expedited discovery requests is not set out in the Federal Rules of Civil Procedure nor has [the Court of Appeals for the Fourth Circuit] established such a standard.'" *Smith v. Atlas N. Am. LLC*, No. 4:23-cv-95 (RJK), ECF No. 20, at 3 (E.D. Va. Oct. 17, 2023) (quoting *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, No. WMN-09-cv-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009)). While some courts apply a "reasonableness" or "good cause" test, others apply a modified preliminary injunction test. *Compare Teamworks Innovations, Inc. v. Starbucks Corp.*, 1:19-cv-1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (applying good cause standard to grant in part plaintiff's motion for

---

memorandum, Plaintiff requests Defendants' "[e]mails, addresses[,] and names." (ECF No. 45, at 4.)

2

expedited discovery), *with ForceX Inc.*, 2011 WL 2560110, at *4–5 (finding the preliminary injunction standard most appropriate when considering an expedited discovery motion) and *Kia Motors Am., Inc. v. Greenbrier GMC, Inc.* No. 2:20-cv-428 (RCY), 2020 WL 8970813, at *2 (E.D. Va. Dec. 11, 2020) (noting that courts in the Eastern District of Virginia apply the modified preliminary injunction test).

The good cause formulation considers "reasonableness or good cause, taking into account the totality of the circumstances." *Teamworks Innovations*, 2020 WL 406360, at *3 (citations omitted). Courts applying the good cause formulation consider factors such as: "(1) the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored . . .; (3) whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference; and (4) whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Chryso, Inc. v. Innovative Concrete Sols, of the Carolinas, LLC*, No. 5:15-cv-115, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) (citations omitted).

Under the modified preliminary injunction test, a court considers whether the plaintiff has made "a strong showing of merits and irreparable harm to the [p]laintiff" in the absence of expedited discovery and proves justified by "the idea that granting court relief outside of the federal rules should be limited to unusual circumstances." *ForceX*, 2011 WL 2560110, at *5. The Court finds that Plaintiff fails to meet either test.

First, Plaintiff fails to establish good cause for the expedited discovery under the reasonableness test. Plaintiff makes only passing reference to the reasonableness test, noting simply that "courts in this circuit and around the country have applied" the test. (ECF No. 45, at 3.) Plaintiff makes no mention of the factors the Court should consider in assessing a request for

3

expedited discovery, let alone make any argument as to why Plaintiff satisfies those factors. (*See* ECF No. 45, at 3–4.) Without *any* argument from Plaintiff on this point, the Court must deny the Motion.[4]

Plaintiff also fails to meet the more stringent modified preliminary injunction standard. Once again, Plaintiff fails to make a showing of—or any argument regarding—the merits of its case or the irreparable harm Plaintiff would suffer without the discovery.[5] Accordingly, Plaintiff has not established that expedited discovery is warranted under the modified preliminary injunction analysis.

---

[4] Although Plaintiff appears to proceed under the reasonableness test, Plaintiff cites to Federal Rule of Civil Procedure 65, which governs injunctions and restraining orders—neither of which Plaintiff seeks here. (ECF No. 45, at 3.)

Moreover, Plaintiff argues that courts "routinely find good cause to grant expedited discovery to enable a [p]laintiff to identify . . . defendants in patent and trademark in infringement cases." (ECF No. 45, at 3.) But every case Plaintiff cites to support this proposition *also* involved a temporary restraining order. (ECF No. 45, at 3–4 (citing *Thousand Oaks Barrel Co., LLC v. The Partnerships*, No. 1:23-cv-1560 (MSN), ECF No. 11 (E.D. Va. Nov. 16, 2023); *Thousand Oaks Barrel Co., LLC v. The Partnerships*, No. 1:23-cv-1563 (MSN), ECF No. 14 (E.D. Va. Nov. 16, 2023); *Thousand Oaks Barrel Co., LLC v. The Partnerships*, No. 1:24-cv-958 (MSN), ECF No. 20 (E.D. Va. Jun. 21, 2024); *Shenzhen Ke Xiu Tech. Co. Ltd. v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (CMH), ECF No. 14 (E.D. Va. Aug. 21, 2024)). As explained above, Plaintiff seeks neither a restraining order nor an injunction.

The Court also observes that Plaintiff's characterization of the courts' holdings in these cases—granting expedited discovery based on a finding of "good cause"—is inaccurate. Not a single case references application of the "reasonableness" or "good cause" inquiry in granting the motions for expedited discovery.

[5] The Court is hesitant to apply the modified preliminary injunction analysis to a motion for expedited discovery without an accompanying or forthcoming motion for a temporary restraining order or a preliminary injunction. However, as the Court explained *supra*, courts in this District ordinarily apply the modified preliminary injunction test when considering a motion for expedited discovery. *See Kia Motors Am.*, 2020 WL 8970813, at *2.

And just three weeks ago, this Court explained as much to Plaintiff when denying Plaintiff's earlier motion for expedited discovery. (ECF No. 32, at 6–8). That Plaintiff again filed a motion for expedited discovery in this District without *any* reference to the test that Courts in *this district* apply is likewise grounds for denial.

For the reasons articulated above, the Court DENIES the Motion without prejudice. (ECF No. 44.)

Should Plaintiff choose to file another motion seeking expedited discovery, Plaintiff is ADMONISHED that the motion must comply with the Local Rules for the Eastern District of Virginia, discuss all relevant factual and legal authority, and include all legal reasoning behind the position it advances. Failure to comply with these requirements may result in the denial of motion with prejudice.

It is SO ORDERED.

Date: 11/18/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge